THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
JOHN A. KELLY [SBN 324463]
jkelly@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant,
MIDLAND CREDIT MANAGEMENT, INC.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| TAMMY LIVINGSTON,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 37-2022-00011750-CL-NP-CTL<br><br>**ANSWER TO COMPLAINT FOR VIOLATIONS OF:**<br><br>**(1) THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.;**<br><br>**(2) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692, ET SEQ.**<br><br>Judge: Hon. Ronald F. Frazier<br>Dept: C-65<br>Action Filed: March 28, 2022 |

Defendant, MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), on behalf of itself and no others, hereby responds with this Answer to the Complaint for damages filed by TAMMY LIVINGSTON ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to Section 431.30(d) of the California Code of Civil Procedure, Defendant generally and specifically denies each and every allegation set forth in the Complaint, and the whole thereof, and generally and specifically denies that Plaintiff has been injured or has suffered any damages in any sum whatsoever.

## AFFIRMATIVE DEFENSES

As and for separate affirmative defenses to the Complaint, and without assuming or shifting any burden of proof required of Plaintiff to establish her claims, Defendant alleges on information and belief as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Arbitration Required by Contract)

1. Defendant alleges on information and belief that upon the election of Defendant or of Plaintiff, the parties are required to arbitrate all or part of Plaintiff's alleged claims under the terms of the contract between Plaintiff and the original creditor. Therefore, upon any party's election this Court lacks jurisdiction to hear such claims against these Defendant.

## SECOND AFFIRMATIVE DEFENSE

### (Bona Fide Error)

2. To the extent that any violation of law occurred, which Defendant expressly denies, said violation was not intentional and was the result of a bona fide error notwithstanding the maintenance by Defendant of procedures reasonably adapted to avoid any such error. Specifically, Defendant maintains procedures to respond timely and appropriately to requests for validation.

## THIRD AFFIRMATIVE DEFENSE

### (Failure to State a Claim)

3. The allegations of the Complaint fail to state a claim against Defendant upon which relief can be granted because, without limitation, the Plaintiff does not provide sufficient facts to

state a claim for relief that is plausible on its face.

## FOURTH AFFIRMATIVE DEFENSE

### (Statute of Limitations/Laches)

4. The purported claims set forth in the Complaint are barred in whole or in part by the applicable statute of limitations including, without limitation, 15 U.S.C. §1692k(d), and/or the equitable doctrine of laches.

## FIFTH AFFIRMATIVE DEFENSE

### (Set-Off)

5. Defendant is entitled to a set-off and credit against Plaintiff's claims, based on, without limitation, Plaintiff's indebtedness.

## SIXTH AFFIRMATIVE DEFENSE

### (Equitable Indemnity)

6. To the extent that Plaintiff has suffered any damage as a result of any alleged act or omission of Defendant, which Defendant denies, Defendant is entitled to equitable indemnity according to comparative fault from other persons and/or entities causing or contributing to such damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

### (Statute(s) Unconstitutional as Applied)

7. The statute or statutes are unconstitutional both on their face and as applied because they unconstitutionally restrict a creditor's or debt collector's speech, and because they place a greater restriction on a debt collector's speech than on a debtor's speech, in violation of the First and Fourteenth Amendments of the United States Constitution.

## PRAYER

WHEREFORE, Defendant MIDLAND CREDIT MANAGEMENT, INC. requests judgment as follows:

1. That Plaintiff takes nothing by way of her Complaint, which should be dismissed with prejudice;

2. That Defendant recover from Plaintiff its costs according to proof;

1       3.      That Defendant recover their attorney's fees according to proof; and

2       4.      That the Court orders such other and further reasonable relief as the Court may deem

3 just and proper.

4 DATED: April 29, 2022       SOLOMON WARD SEIDENWURM & SMITH, LLP

By:   */s/ Thomas F. Landers*
      THOMAS F. LANDERS
      JOHN A. KELLY
      Attorneys for Defendant,
      MIDLAND CREDIT MANAGEMENT, INC.

THOMAS F. LANDERS [SBN 207335]
tlanders@swsslaw.com
JOHN A. KELLY [SBN 324463]
jkelly@swsslaw.com
SOLOMON WARD SEIDENWURM & SMITH, LLP
401 B Street, Suite 1200
San Diego, California 92101
(t) 619.231.0303
(f) 619.231.4755

Attorneys for Defendant,
MIDLAND CREDIT MANAGEMENT, INC.

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN DIEGO, CENTRAL DIVISION

| | |
|---|---|
| TAMMY LIVINGSTON,, | Case No. 37-2022-00011750-CL-NP-CTL |
| Plaintiff, | **PROOF OF SERVICE** |
| v. | |
| MIDLAND CREDIT MANAGEMENT, INC., a Kansas corporation, | |
| Defendant. | |

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Diego, State of California. My business address is 401 B Street, Suite 1200, San Diego, CA 92101.

On April 29, 2022, I served true copies of the following document(s) described as

1. **ANSWER TO COMPLAINT FOR VIOLATIONS OF: (1) THE ROSENTHAL FAIR DEBT   COLLECTION PRACTICES ACT, CAL. CIV. CODE §§ 1788, ET SEQ.; (2) THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §§ 1692, ET SEQ.**

on the interested parties in this action as follows:

| | |
|---|---|
| David J. McGlothlin, Esq.<br>Mona Amini, Esq.<br>Gustavo Ponce, Esq.<br>KAZEROUNI LAW GROUP, APC<br>245 Fischer Avenue, Unit D1<br>Costa Mesa, CA  92626<br>Telephone: (800) 400-6808<br>Facsimile: (800) 520-5523<br>Email:  david@kazlg.com<br>           mona@kazlg.com<br>           gustavo@kazlg.com | Attorneys for Plaintiff,<br>TAMMY LIVINGSTON |

**BY MAIL:**  I caused the above documents to be enclosed in a sealed envelope addressed to the persons at the address listed above and caused the envelope to be placed for collection and mailing, following our ordinary business practices.  I am readily familiar with Solomon Ward Seidenwurm & Smith, LLP's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.  I am a resident or employed in the county where the mailing occurred.  The envelope was placed in the mail at San Diego, California.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on April 29, 2022, at San Diego, California.

*SDeissig*
Shannon D Deissig